ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PUERTO RICO WITH A PURPOSE, L3C<br><br>Peticionario<br><br>V.<br><br>STEPHANIE DEL VALLE DÍAZ Y OTROS<br><br>Recurrido | KLCE202301073<br>Consolidado con<br>KLCE202301318 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2022CV00872<br><br>Sobre:<br>Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Rivera Colón[1], la Jueza Lebrón Nieves y la Jueza Rivera Marchand

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece Puerto Rico with a Purpose, L3C (PRWAP o peticionario) y nos solicita la revocación de dos dictámenes en las que realizó determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, Sala de San Juan, (TPI o foro primario). Mediante una *Resolución* emitida el 28 de agosto de 2023, el TPI no extendió el periodo de descubrimiento de prueba y no permitió cierta prueba médica. En otra, notificada el 6 de septiembre de 2023, el foro primario denegó una solicitud de sanciones y orden de comparecencia a un representante corporativo de Reignite. Pendiente lo anterior, el peticionario instó un segundo recurso (*Petición de Certiorari,* número KLCE202301318), en el cual, nos suplicó la revocación de la denegatoria a su solicitud de retiro de admisiones, emitida por el foro primario, mediante *Minuta-Resolución,* notificada en autos el 27 de octubre de 2023.

---

[1] Mediante Orden Administrativa Núm: OATA-2023-172, se designa al Juez Rivera Colón para entender y votar en el caso de epígrafe, debido a la inhibición de la Jueza Domínguez Irizarry.

Número Identificador

RES2023_____

Evaluado lo anterior y según solicitado por PRWAP, ordenamos la consolidación de los referidos recursos en aras de garantizar mayor transparencia, agilidad y efectividad en el manejo de los asuntos pendientes ante nos. Véase Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 80.1. Tome nota la Secretaría y las partes, a los fines de que en todo escrito deben utilizar el epígrafe de esta *Resolución.*[2]

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari,* en ambos recursos instados. Veamos.

**I.**

PRWAP instó una *Demanda y Petición de Entredicho Provisional, Injunction Preliminar e Injunction Permanente* el 8 de febrero de 2022 contra Stephanie Del Valle Díaz, Reignite Puerto Ricoo, Inc., Jesús Manuel del Valle Padilla, Diana Esther Díaz Rolón y Wanda Ivette Boria Justiniano.

En apretada síntesis, PRWAP alega que contrató a Reignite (una corporación sin fines de lucro) como organizador local del concurso Miss Mundo 2021 que se celebraría en Puerto Rico en diciembre de 2021. Por supuestas dificultades financieras, Reignite contrató y acordó transferir a PRWAP todos los fondos de patrocinio del evento provenientes del gobierno y del sector privado, en aras de que se adelantaran los fondos necesarios para celebrar el referido concurso.

En concordancia con lo anterior, Reignite emitió cheques, (por un total de $1,225,000.00) a favor de PRWAP. Sin embargo, luego Reignite ordenó al banco detener el correspondiente pago. Dicha retención de pago fue caracterizada por PRWAP como malversación, estafa y robo. En particular, adujo que, la retención indebida

---

[2] Véase *Moción en solicitud de consolidación* instada por PRWAP el 27 de noviembre de 2023 (KLCE202301318).

constituye una violación a responsabilidades contractuales y/o legales en detrimento de los pagos a proveedores, suplidores, etc., para la realización del concurso, por lo que le provocó daños y perjuicios continuos e irreparables.

Suplicó al TPI emitir una orden de entredicho preliminar, *injunction* provisional e *injunction* permanente con el fin de ordenar a los demandados a pagar la totalidad de lo adeudado, el resarcimiento por daños y perjuicios, más costas, gastos y honorarios de abogado.[3]

En reacción, Reignite contestó la demanda y solicitó la desestimación de las causas de acción.[4] Como parte de sus alegaciones indicó que, al no recibir los fondos necesarios para el evento, entró en un acuerdo ("Collaboration Agreement") con Percival Services, LLC (Percival) en la que Percival se obligó aportar fondos en aras de financiar el concurso. Con posterioridad a la firma del "Collaboration Agreement," el 5 de noviembre de 2021 a las 12:44 pm, Percival creó la corporación aquí demandante, PRWAP. Como parte de sus alegaciones, aceptó que Reignite recibió fondos de dos entidades gubernamentales. Sin embargo, sostuvo que, PRWAP incurrió en múltiples incumplimientos, incluyendo el cambio de la fecha del certamen, sin aviso previo. A su entender, Reignite tenía la obligación, ante la inesperada cancelación del concurso, de detener el pago de los cheques a favor de PRWAP, para

---

[3] Apéndice, págs. 1-9. Junto a su petición, incluyó los siguientes documentos; Declaración jurada suscrita por Jorge A. Velázquez Franco; Anejo A-Certificado de organización emitido por el Departamento de Estado; Anejo B-Certificado de registro emitido por el Departamento de Estado; Anejo C-Resolución Corporativa; Anejo D-Copia de cheque por la cantidad de $625,000.00 (Cabe señalar que no fue anejado al recurso, pero surge en el sistema SUMAC); Anejo E-Copia de cheque por la cantidad de $100,000.00; Anejo F-Copia de cheque por la cantidad de $500,000.00; y Anejo G-Borrador Acuerdo entre Reignite Puerto Rico, Inc. y Puerto Rico with a Purpose, L3C.

[4] Apéndice, pág. 28-59. En su escrito incluyó los siguientes documentos: Anejo 1-Correo electrónico del 31 de enero de 2022 y Relevo de responsabilidad; Anejo 2-Correo electrónico del 7 de febrero de 2022 y carta suscrita por el Lic. Daniel Cacho Serrano; Anejo 3-Carta suscrita por el Lic. Daniel Chacho Serrano del 9 de febrero de 2022 y devolución de dinero de la Autoridad del Distrito; Anejo 4- Carta suscrita por el Lic. Daniel Chacho Serrano del 9 de febrero de 2022 y devolución de dinero de la Compañía de Turismo; Anejo 5-Copia de cheque por $500,000.00 de la Autoridad de Distrito; y Anejo 6-Copia de cheque por $625,000.00 de la Compañía de Turismo.

así devolverle al gobierno los fondos adelantados. En su consecuencia, arguyó que las reclamaciones incoadas en su contra resultan académicas porque el Gobierno recibió los fondos en devolución el 9 de febrero de 2022. Por ello, suplicó al TPI declarara sin lugar la demanda, e impusiera el pago de costas, gastos y honorarios de abogado a su favor.

Por su parte, los codemandados Stephanie Del Valle Díaz, Jesús Manuel Del Valle Padilla, Diana Esther Diaz Rolón y Wanda Ivette Boria Justiniano, presentaron una *Moción en solicitud de desestimación* el 11 de febrero de 2022.[5] En esencia, indicaron que, faltaba incluir a Percival Services, Inc., Miss Mundo y el Gobierno de Puerto Rico, como partes indispensables en este pleito. Expusieron que, para las fechas indicadas de octubre de 2021, la corporación Reignite no había sido organizada como persona jurídica. Suplicó que, se dejara de pronunciar contra la honra y reputación de los codemandados en la presente demanda que calificaron como difamatoria.

De otra parte, Stephanie Del Valle Díaz interpuso junto a su alegación responsiva una reconvención. En esta última explicó que, fue coronada Miss World 2016 y fue nombrada presidenta y portavoz de Reignite en el 2020 para lograr la celebración de Miss World en Puerto Rico. Sostuvo que, su reputación es intachable como figura pública y las falsedades en la demanda laceran su reputación. Alega haber sufrido daños morales ocasionados por la difamación instada en su contra. Suplicó al foro primario resarcimiento por daños morales, angustias mentales, lucro cesante, pérdida de hacer negocios o contrataciones, daños punitivos más costas, gastos y honorarios de abogado.[6] Similar alegación fue presentada por los

---

[5] Apéndice, págs. 60-71. Con su solicitud, incluyó los siguientes documentos: Anejo IA-Correo electrónico del 7 de febrero de 2022; Anejo IB-Carta suscrita por el Lic. Daniel Cacho Serrano del 7 de febrero de 2022; Anejo IIA-Correo electrónico del 10 de febrero de 2022; Anejo IIB-Relevo de responsabilidad; Anejo III-Cheque número 20052658; y Anejo IV-Cheque número 20052655.
[6] Apéndice, págs. 82-94.

demás codemandados en su *Contestación a demanda y reconvención* instada el 17 de febrero de 2022.[7]

Así las cosas y como parte de los asuntos correspondientes al manejo del caso y descubrimiento de prueba, el TPI emitió un dictamen el 22 de agosto de 2022 en la cual dio por admitido un requerimiento de admisiones dirigido a PRWAP por los codemandados. Atinente al recurso antes nos cabe señalar que, PRWAP indicó que procedía reconsiderar el referido dictamen según lo establecido en la Regla 33 (b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 33(b).[8] Evaluado lo anterior junto a la réplica y oposición de los codemandados, el TPI denegó el petitorio en reconsideración.[9] Lo antes fue objeto de revisión judicial por un panel hermano y mediante *Resolución* emitida el 27 de octubre de 2022 se desestimó el recurso interpuesto por PRWAP al no satisfacer los criterios establecidos en la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R.52.1.[10]

Tras celebrar una vista y entretener mociones dispositivas con sus respectivas oposiciones interpuestas por las partes,[11] el TPI emitió una *Sentencia Parcial* el 25 de febrero de 2023.[12] En esta, el TPI consignó 27 determinaciones de hechos y concluyó que, el remedio solicitado (a los fines de que se ordenara el cese y desista de expedir el cobro de dinero por PRWAP de los cheques correspondientes a fondos públicos) resultaba totalmente académico. Lo antes, independientemente de que en su día, la demanda pudiera responder con otros bienes de su patrimonio. Por ello, desestimó la reclamación de *injunction* y ordenó la continuación de los procesos correspondientes a las reclamaciones restantes.

---

[7] Apéndice, págs. 96-107.
[8] Véase KLCE202301318, Apéndice, pág. 229. *Moción informativa y solicitud de reconsideración a Resolución del 23 de agosto de 2023 SUMAC 100.*
[9] Véase KLCE202301318, Apéndice, págs. 246-253.
[10] Véase KLCE202301318, Apéndice págs. 258-268 sobre Recurso número KLCE202201107.
[11] Apéndice, págs. 124-129. Véase, Minuta.
[12] Apéndice, pág. 130.

Continuado el proceso de descubrimiento de prueba, el 11 de marzo de 2023, PRWAP solicitó una orden bajo la Regla 34.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V (R.34.2), para requerir que los codemandados contestaran un requerimiento de documentos, que proveyeran fechas alternas para la deposición de estos y el pago de gastos incurridos.[13] Los demandados se opusieron por no haberse agotado esfuerzos, entre las partes.[14] Evaluado lo anterior, el TPI denegó la solicitud[15] y las partes presentaron un calendario de las deposiciones.[16] No obstante lo anterior, PRWAP acudió ante el TPI en reconsideración por la falta de producción de documentos que se había reclamado desde el inicio del descubrimiento de prueba. A ello, se opusieron los demandantes.[17]

En atención a la referida solicitud de reconsideración, el TPI emitió una orden. En su determinación expresó lo siguiente:

> En atención a solicitud de reconsideración [146] y que se permita el descubrimiento de prueba notificado a los demandados el 17 de febrero de 2023, disponemos Ha Lugar. En consecuencia, se permite vía reconsideración dichos interrogatorios, se concede 30 días a la parte demandada para contestarlos. Asimismo, ante el incumplimiento de la parte demandante con la orden/minuta [147], que le concedió a su propia solicitud, hasta el 31 de diciembre de 2022 para notificar dichos interrogatorios y que se provocó un atraso en los procedimientos del caso, se le impone una sanción de $200.00 a la representación legal de la parte demandante a favor del Fondo General del Poder Judicial. Se le concede 10 días para acreditar su pago. Sabido es que, ante un primer incumplimiento, se deben considerar en primer término sanciones menos severas (económicas) a la representación legal de las partes. Véase *Maldonado v. Secretario de Recursos Naturales,* 113 DPR 494 (1982). Adviértase a la parte demandante que un futuro incumplimiento podrá conllevar sanciones conforme la regla 39.2 de procedimiento civil. Notifíquese esta orden directamente a la parte demandante a su dirección de récord, para que participe y coopere en el cumplimiento con esta Orden; y para que conozca sobre la sanción apercibida. *HRS Erase v. Centro Médico del Turabo*, 2020 TSPR 130.[18]

---

[13] Apéndice, págs. 155-160.
[14] Apéndice, págs. 177-181.
[15] Apéndice, pág. 182.
[16] Apéndice, págs. 183-184.
[17] Apéndice, pág. 196
[18] Apéndice, pág. 198.

En cumplimiento, el 15 de mayo de 2023, la parte demandada consignó $200.00 en sanciones.[19] Meses después, el 2 de agosto de 2023, PRWAP presentó una *Moción informativa y solicitud de extensión de descubrimiento de prueba.* En esta informó que, como producto de la deposición de Stephanie Del Valle Díaz, surgió nueva información de que ésta sufre de varias enfermedades que son resultado directo de los hechos alegados en la reconvención. PRWAP solicitó 30 días para anunciar prueba pericial en áreas de medicina pertinentes a los padecimientos y condiciones mentales de la reconveniente. Solicitó autorización para deponer a un representante corporativo de Reignite, reiteró su súplica sobre documentos no producidos, a pesar de la sanción impuesta y anticipó objeciones a las contestaciones del interrogatorio de los demandados. Por ello, solicitó extender el descubrimiento de prueba hasta el 31 de enero de 2024. Reignite se opuso.[20]

Consideradas las posturas de las partes, el TPI emitió el 9 de agosto de 2023, una *Orden* denegando lo solicitado y mantuvo el señalamiento de la conferencia con antelación al juicio a celebrarse el 18 de septiembre de 2023.[21]

Pendiente lo anterior, los demandados instaron una solicitud para citar a deposición al Sr. Brock Pierce, Presidente de PRWAP a una deposición. Ante la negativa de dicha parte para producirlo se remitió una citación *Duces Tecum* para la deposición el 30 y 31 de agosto de 2023. La respuesta de dicha parte fue ofrecer al Sr. Jorge Velázquez como testigo de PRWAP. Insatisfechos, los demandados procuraron remedios ante el TPI.[22] En respuesta, el TPI ordenó la expedición de una citación a Brock Pierce el 16 de agosto de 2023.[23]

---

[19] Apéndice, pags. 201-202.
[20] Apéndice, págs. 207-208.
[21] Apéndice, pág. 212.
[22] Apéndice, págs. 212-218.
[23] Apéndice, pág. 226.

Surge del expediente que ambas partes instaron múltiples mociones que obligó la intervención del foro primario como parte de sus funciones sobre el manejo del caso y el descubrimiento de prueba. Resaltamos que, mediante sus pronunciamientos notificados en autos, el TPI mantuvo su dictamen sobre la fecha para culminar el descubrimiento de prueba, la citación para la deposición de Brock Pierce y su reiterado llamado a las partes y sus respectivas representaciones legales para cooperar y agilizar los procesos.[24]

Inconforme aún, PRWAP comparece ante esta Curia, mediante el Recurso número KLCE20231073 y señala los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al denegar una petición de extensión de término para culminar el descubrimiento de prueba, a pesar de que la parte recurrida, en el contexto de una deposición, por primera vez anunció información relativa a padecimientos médicos, en una fecha próxima al cierre del descubrimiento de prueba. Al permitir dicha prueba, producida el último día del periodo de descubrimiento de prueba, sin permitirle a PRWAP tomar deposiciones u(sic) realizar descubrimiento de prueba adicional sobre dicha prueba nueva, se dejó en estado de indefensión a PRWAP.

> Erró el Tribunal de Primera Instancia al tampoco conceder el remedio en la alternativa solicitado por PRWAP, consistente en la exclusión de la prueba anunciada en fecha cercana al final del period[o] de descubrimiento de prueba y sobre la cual PRWAP no pudo realizar descubrimiento.

> Erró el Honorable Tribunal de Primera Instancia al permitir que un representante corporativo de Reignite no compareciera a una deposición debidamente citada, sin imponer sanciones y sin requerirle comparecer en una fecha posterior.

Los recurridos presentaron su *Alegato en Oposición al Recurso de Certiorari.* En este acreditaron su postura e informaron que durante una vista sobre conferencia con antelación al juicio celebrada el 18 de septiembre de 2023, el foro primario había autorizado a PRWAP a presentar dos testigos peritos, (Dra. Cynthia Casanova Pelosi y Dr. Adrián Colón Laracuente). En reacción,

---

[24] Véase las referidas órdenes: Apéndice, pág. 248; págs. 254-259; págs. 267-269; pág. 285; pág. 299; págs. 302-307; págs. 313-323; y págs. 341-347.

emitimos una orden dirigida a PRWAP para mostrar causa por la cual no procedía dictaminar que la causa ante nos, se haya tornado académica. En cumplimiento, el 13 de noviembre de 2023, PRWAP compareció mediante *Escrito en Cumplimiento de Orden,* en la que, expuso su postura. Informó sobre los asuntos pendientes ante la consideración del foro primario, reiteró su súplica expuesta en el recurso instado e indicó que la deposición del Sr. Pierce se realizó, entre otros asuntos.

Según adelantamos, pendiente lo anterior, PRWAP instó un segundo recurso (KLCE20231318), por estar inconforme con otra determinación interlocutoria, emitida por el TPI, durante la mencionada conferencia con antelación a juicio, celebrada el 18 de septiembre de 2023. Según surge de la *Minuta Resolución* firmada y notificada el 27 de octubre de 2023, PRWAP solicitó que el foro primario que reconsiderara la determinación de dar por admitido el requerimiento de admisiones cursado por los demandados emitido el 22 de agosto de 2022. Al denegar el petitorio, el TPI expuso lo siguiente: "En cuanto al requerimiento de admisiones, la posición del Tribunal es que eso no se puede conceder. El tracto procesal de ese evento comienza desde la entrada 65 hasta la 107. Lo más importante es que sobre ese asunto ya la parte demandante pidió reconsideración hace más de un año y fue al Tribunal de Apelaciones y se recibió el mandato. No se pueden tener dos reconsideraciones sobre un mismo asunto."[25]

Insatisfecho, el peticionario acude ante esta Curia mediante el Recurso número KLCE202301318 y señala los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al calificar la "Moción en solicitud de retiro de las admisiones al amparo de la Regla 33 de Procedimiento Civil" como una segunda reconsideración, y no como una solicitud distinta e independiente predicada en el inciso "B" de la Regla 33, que permite el retiro o enmienda de una admisión tras la presentación de una moción que lo solicite, cuando ello contribuya a la

---

[25] Véase KLCE 23 1318 Apéndice pág. 370.

disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al Tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa.

Erró el Tribunal de Primera Instancia al no retirar las admisiones concedidas, a pesar de que se cumplen los criterios de la Regla 33(B) de Procedimiento Civil, y de que varias de estas no encuentran apoyo en la prueba descubierta, y otras fueron debida y oportunamente objetadas por PRWAP.

Por su parte, los recurridos acreditan su oposición al recurso, el 7 de diciembre de 2023, por lo que con el beneficio de comparecencia de ambas partes, procedemos a resolver.

## II.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada la Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020).

**III.**

El peticionario solicita nuestra intervención sobre las determinaciones antes reseñadas que versan sobre el manejo del caso y el descubrimiento de prueba. Solicita que ejerzamos nuestra función discrecional para dejar sin efecto determinaciones interlocutorias que fueron objeto de evaluación por el foro primario antes y durante la etapa de la conferencia con antelación al juicio.

Es de notar que, durante la vista celebrada el 18 de septiembre de 2023, el foro primario autorizó los testigos adicionales solicitados por PRWAP. Cabe señalar que, a la fecha de la referida conferencia ya se había tomado la deposición de Brock Pierce. Además, el foro primario dejó pendiente su determinación sobre permitir un breve descubrimiento de prueba adicional sobre una prueba testifical anunciada por la parte reconveniente. Exhortó a los abogados a evaluar si alguno de los testimonios anunciados se pudiera estipular en aras de prescindir del mismo. Específicamente, autorizó a las partes a presentar un informe de conferencia con antelación al juicio enmendado. A esos efectos, pautó la reunión entre los representantes legales a efectuarse el 18 de enero de 2024 y luego de ello, tendrían diez días para presentar el informe enmendado. A su vez, calendarizó la continuación de la conferencia con antelación al juicio a celebrarse el 18 de marzo de 2024. De lo antes, nos resulta evidente que, en esta etapa de los procesos, el foro primario no ha concluido su examen y adjudicación de los

asuntos pendientes ante su consideración conforme autoriza nuestras reglas procesales y atinentes a la etapa procesal definida en las Reglas 37.4 y 37.5 de las Reglas de Procedimiento Civil, *supra*. Lo antes reseñado demuestra, como ocurre en esta etapa de los procesos civiles, que el foro primario, dentro de su sana discreción ha continuado el buen manejo de los asuntos atinentes al descubrimiento de prueba y el calendario judicial. De nuestro examen cuidadoso del expediente apreciamos que el cuadro fáctico procesal ha variado, por razón de las intervenciones de TPI durante la conferencia con antelación al juicio que continuará en marzo de 2024 con el beneficio de un nuevo informe enmendado.

Con ello en mente y según la normativa antes esbozada, la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*, no nos confiere autoridad para expedir un auto de *certiorari* en circunstancias relacionadas a cómo deben conducirse los procedimientos ante el foro primario y mucho menos, sobre sanciones y manejo de descubrimiento de prueba. Es de notar que al presentar su recurso también solicitó nuestra intervención para permitir prueba pericial conforme autoriza la Regla 52.1, supra. Sin embargo, con posterioridad advenimos en conocimiento de que durante la conferencia con antelación al juicio celebrada el 18 de septiembre de 2023, el foro primario había autorizado dos testigos médicos antes mencionados y continuará atendiendo asuntos pendientes relacionados al descubrimiento de prueba en la continuación de la conferencia con antelación al juicio pautada para marzo de 2024. A lo anterior añadimos que, PRWAP tampoco se nos ha puesto en posición para dictaminar que nos encontramos en la etapa más propicia para intervenir en los señalamientos expuestos en el KLCE202301073, o que se configure un fracaso irremediable a la justicia.

De otra parte, mediante el recurso KLCE202301318 el peticionario arguye que, el TPI incidió al denegar su solicitud de retiro de admisiones instada nuevamente. Luego de evaluar cuidadosamente el expediente surge que, el TPI entretuvo argumentos de PRWAP sobre la aplicación de la Regla 33 (b) de las de Procedimiento Civil, *supra*, a dicha controversia y denegó la súplica de la parte peticionaria, mediante sus determinaciones emitidas el 22 de agosto de 2022 y luego el 29 de agosto de 2022, respectivamente.[26] De forma particular surge de la *Moción informativa y solicitud de reconsideración a Resolución del 23 de agosto de 2023 SUMAC 100,*(a la página 4 inciso 19) referencia a la Regla 33 (b) de las Reglas de Procedimiento Civil, *supra,* como fundamento para reconsiderar el referido dictamen.[27] Añádase a ello y conforme expuso el TPI, hace más de un año un panel hermano de esta Curia, atendió el mismo cuestionamiento sobre la admisión del requerimiento de admisiones, por lo que, evaluada la postura del peticionario, colegimos que no nos ha puesto en posición para revertir la legitimidad de nuestra determinación y a la luz de ello, el proceder del foro primario sobre este particular. Ante dicho cuadro fáctico, no procede nuestra intervención sobre el referido dictamen recurrido.

Por tanto y a tenor con los criterios que establece la Regla 40 del Reglamento de este Tribunal, *supra,* para la expedición de un auto de *certiorari* concluimos que, el recurso consolidado no presenta un asunto que justifique nuestra intervención en esta etapa de los procedimientos. Nada en el expediente ante esta Curia sugiere que, el foro recurrido, en el ejercicio de sus facultades, haya incurrido en error o en abuso de discreción, de forma tal que, justifique ejercer nuestra facultad discrecional en la presente causa.

---

[26] Véase KLCE202301318, Apéndice págs. 208 y 253.
[27] Véase KLCE202301318, Apéndice, pág. 229. *Moción informativa y solicitud de reconsideración a Resolución del 23 de agosto de 2023 SUMAC 100.*

Ciertamente colegimos que, pendiente la entrega de un informe de conferencia con antelación al juicio enmendado y la continuación de la conferencia en marzo de 2024, no se reúnen los criterios que fundamenten la expedición del auto de *certiorari.* Tampoco nos encontramos ante una circunstancia excepcional que apunte a un fracaso a la justicia.

## IV.

Por los fundamentos esbozados, denegamos la expedición del auto de *certiorari* en el recurso consolidado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones